McDONALD, Justice.
Filed before us is a petition to amend the integration rule of The Florida Bar to require that state bar members provide mandatory pro bono services. The proposed amendment would require that lawyers provide twenty-five hours of free legal service to the poor or, in the alternative, donate $500 to The Florida Bar Foundation or participate in the interest on trust account program. The petitioners’ request has been prompted, in part, by recent federal budget cuts in funding for legal services programs, and they suggest that their proposal should be adopted on an emergency basis.
Numerous individuals and groups have responded to the petition; most responses oppose granting the petition. We decline to adopt the proposal. In taking this action we do not say that members of The Florida Bar have no duty or responsibility to render legal services to the poor. Our emphasis is to the exact opposite. The concept behind the proposal is laudatory. Lawyers, like few others, occupy a peculiar and unique position in our society.
We are a democratic nation with heavy emphasis on the individual rights of all citizens. As stated in the Preamble to the Code of Professional Responsibility:
The continued existence of a free and democratic society depends upon recognition of the concept that justice is based upon the rule of law grounded in respect for the dignity of the individual and his capacity through reason for enlightened self-government. Law so grounded makes justice possible, for only through such law does the dignity of the individual attain respect and protection. Without it, individual rights become subject to unrestrained power, respect for law is destroyed, and rational self-government is impossible.
Lawyers, as guardians of the law, play a vital role in the preservation of society.
Article I, section 2 of the Florida Constitution states:
Basic rights. — All natural persons are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. ... No person shall be deprived of *41 any right because of race, religion or physical handicap.
Additionally, section 21 of article I provides:
Access to courts. — The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.
There are people in need of legal services who are unable to pay for those services. All persons, however, should have the opportunity of obtaining effective legal services and should have meaningful access to the courts. The legal profession and this Court have recognized that fact in Ethical Consideration 2-25, Code of Professional Responsibility:
Historically, the need for legal services of those unable to pay reasonable fees has been met in part by lawyers who donated their services or accepted court appointments on behalf of such individuals. The basic responsibility for providing legal services for those unable to pay ultimately rests upon the individual lawyer, and personal involvement in the problems of the disadvantaged can be one of the most rewarding experiences in the life of a lawyer. Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged. The rendition of free legal services to those unable to pay reasonable fees continues to be an obligation of each lawyer, but the efforts of individual lawyers are often not enough to meet the need. Thus it has been necessary for the profession to institute additional programs to provide legal services. Accordingly, legal aid offices, lawyer referral services, and other related programs have been developed, and others will be developed, by the profession. Every lawyer should support all proper efforts to meet this need for legal services.
The responsibility of lawyers in this area is repeated in Ethical Consideration 8-3, Code of Professional Responsibility:
The fair administration of justice requires the availability of competent lawyers. Members of the public should be educated to recognize the existence of legal problems and the resultant need for legal services, and should be provided methods for intelligent selection of counsel. Those persons unable to pay for legal services should be provided needed services.
The message to lawyers is thus plainly stated.
The proposal before us seeks a mandatory enforcement of these stated ethical considerations. Indeed, we may ask, why all the idealistic talk in the Code of Professional Responsibility without a mandatory enforcement of its provisions? Part of the answer to that question lies within the nature of our free society: We have been loathe to coerce involuntary servitude in all walks of life; we do not forceably take property without just compensation; we do not mandate acts of charity. We believe that a person’s voluntary service to others has to come from within the soul of that person. Our canons in this area are designed to be directory, to enlighten one’s conscience, to focus attention on what is right for lawyers to do, but, historically, have not been meant to force an involuntary act.[1]
Many attorneys respond to these canons and devote their time and services to assisting with their legal problems those persons unable to pay. Additionally, numerous voluntary bar organizations throughout the state require that their members perform pro bono work. There are differences, however, between voluntary and mandatory associations. We feel that it would be neither appropriate nor in the best interest of the public or the profession to compel by external means conduct which should be prompted from within each member of our profession.
We take this opportunity to exhort all lawyers to participate in the interest on *42 trust account program. Idle funds, put to use in an ethical and approved manner, can go a long way to ease the financial burden of providing legal services to the poor. We commend those lawyers who are now participating in the program and urge all lawyers who possibly can to follow their example. It is a program worthy of all lawyers’ participation.
The petition is denied.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON, EHRLICH and SHAW, JJ., concur.
ADKINS, J., concurs in result only.

. Furthermore, the assurance that effective legal services are available to all is not the sole responsibility of lawyers but is one to be shared by the government and society.