PER CURIAM.
Pursuant to Rule 1-12.1 of the Rules Regulating the Florida Bar (Bar Rules),[1] 522 members in good standing with The Florida Bar (Petitioners) have filed a petition asking the Court to amend Bar Rule l-7.3(a) (Membership Fees; Membership Fees Requirement) to authorize the Florida Bar Board of Governors to increase annual Bar membership dues in order to provide additional funding to The Legal Aid to the Poor Program of The Florida Bar Foundation.[2] We wish to commend Petitioners for bringing this important issue before the Court for consideration — as Petitioners point out, the State of Florida is facing a significant decrease in funding for legal aid and there is an urgent need for new solutions to ensure that every person has equal access to our judicial system. However, because we believe this issue requires further study and a more comprehensive approach, we decline to adopt Petitioners’ proposed amendment at this time.
BACKGROUND
This Court has long recognized that an essential aspect of our common law adversarial system of justice is the role of lawyers as advocates. Equally important is the provision of legal representation to those who cannot afford it, in order to ensure meaningful access to justice for all persons. The Court has stated:
Lawyers as advocates are essential to our common law adversary system. An adversarial system of justice requires legal representation on both sides in order for it to work properly. Without adversaries, the system would not work. Consequently, the obligation to represent the “defenseless and oppressed” is critical to our judicial system if it is to work properly for all segments of our, society.
In re Amends, to Rules Reg. Fla. Bar-1-3.1(a) & Rules of Jud. Admin.-2.065 (Legal Aid), 573 So.2d 800, 804 (Fla.1990); see also Fla. Bar; In re Emergency Delivery of Legal Services to the Poor (Mandatory Pro Bono), 432 So.2d 39, 41 (Fla.1983) (“There are people in need of legal services who are unable to pay for those services. All persons, however, should have the opportunity of obtaining effective legal services and should have meaningful access to the courts.”).
In their petition in this case, Petitioners assert that Florida’s delivery of legal services to the poor is in crisis. They allege that, in recent years, the number of people in Florida living below the poverty line has increased. Legal aid organizations across the state presently handle basic civil legal needs for many of these low income and disadvantaged Floridians. However, Petitioners point out some studies suggest that as much as 80 percent of the legal needs of the poor and disadvantaged are not being met. At the same time, funding and resources for legal aid have dropped dramatically. The Florida Bar Foundation projects a 34 percent decrease in funds available to allocate to legal aid organizations in the coming year. See “Foundation Poised to Reduce Legal Aid Grants,” The Florida Bar News, December 1, 2014, at 1. This decrease in funding is expected to result in cuts to legal aid staff and resources.
*252 ■ The Florida Bar has in the past taken a leading role in providing a regular source of funding for legal aid services. In 1978, on a petition filed by the Florida Bar Board of Governors, this Court adopted the nation’s first Interest on Trust Account (IOTA) program. See In re Interest on Trust Accounts, A Petition of the Fla. Bar, 356 So.2d 799 (Fla.1978). Through this program, the Court authorized attorneys, on a voluntary basis, to invest client funds in interest-bearing accounts. The earnings from these accounts are paid to The Florida Bar' Foundation to, among other things, provide legal aid to the poor. Id., at 805, 807. In 1989, the Court issued a decision making participation in the IOTA program mandatory. See Matter of Interest on Trust Accounts: A Petition to Amend the Rules Reg. Fla. Bar, 538 So.2d 448 (Fla.1989). The Court directed that all client funds “which are nominal or to be held for a short period of time” must be placed in an interest-bearing account, and the interest accrued from such accounts is provided to The Florida Bar Foundation to fund programs designed to improve the administration of justice and expand the delivery of legal services to the poor. Id. at 453.
Since these decisions, the IOTA program has continued to provide an important and substantial source of funding for legal aid organizations. However, as Petitioners point out, historic low interest rates have caused revenue from the IOTA program to fall dramatically. As a result, the Foundation is facing the exhaustion of its reserve funds this year. See “Foundation Poised to Reduce Legal Aid Grants,” The Florida Bar News, December 1, 2014, at 1. Although many attorneys in Florida already generously donate their time and money to assist legal aid organizations, these contributions are not sufficient to fill the loss in funding. We agree with Petitioners that there is an urgent need to develop new solutions and sustainable sources of funding for legal aid.
PROPOSED AMENDMENT
Petitioners urge the Court to amend Rule Regulating the Florida ' l-7.3(a) (Membership Fees; Membership Fees Requirement) to add new language providing that the Board of Governors “may increase the membership fees by $100 per annum provided any increase in the membership fees set by the board of governors shall be used as additional funding for the Legal Aid to the Poor Program of The Florida Bar Foundation.” Petitioners maintain that their proposed amendment does not directly impose a $100 increase in dues; rather, they emphasize that the proposal would give the Board of Governors discretion to increase dues by no more than $100.
After the petition was filed, the Court published the proposal in The Florida Bar News for comment. Several organizations and members of the Bar filed comments, including The Florida Bar. While some of the commenters support Petitioners’ proposal, we received a number of comments opposed to the amendment. Among those in opposition is The Florida Bar. The Bar raises several concerns. It contends: the proposal does not address the more global societal issue of how legal services will be provided to indigent persons; it requires only lawyers to pay for a societal issue; the proposed amendment does not address or suggest improvements in the delivery of legal aid services; Petitioners have not taken into account the donations of time and money already being made by Bar members; the proposal would essentially require all active members to make a non-voluntary contribution to the Florida Bar Foundation’s Legal Aid program; the proposed amendment does not provide exemptions for judges or government attorneys; *253 it may require the Bar to request another rule amendment in the future when additional funds -are needed for its own operating expenses; and finally, the proposed amendment may add additional administrative expenses associated with the Bar’s collection and transmittal of funds to The Florida Bar Foundation.
We have thoroughly considered the proposal, and the comments in support and in opposition.. We have also considered the issues discussed at oral argument. Although we agree with Petitioners that the members of The Florida Bar should.take an active role in supporting legal aid organizations, we conclude that the proposal before us does not present the type of comprehensive solution that is needed to address the crisis in funding for legal aid.
At oral argument, all parties generally agreed that current sources of funding for legal aid are not sufficient to meet the growing need for such services. Indeed, the Bar stated at the oral argument that “access to essential legal services is a critical element of- a democratic and just society” and that there is a “great need” for new solutions to ensure access to legal representation and other legal resources for all persons. However, the parties also generally acknowledged that Petitioners’ proposal is not a “permanent fix.” We think a more encompassing approach can be developed through the work of the newly established Florida Commission on Access to Civil Justice (Commission). In November 2014, Chief Justice Labarga established the Commission by Administrative Order to “study the remaining unmet civil legal needs of disadvantaged, low income, and moderate income Floridians.” In re Florida Commission on Access to Civil Justice, Fla. Admin. Order AOSC14-65 at 3 (November 24, 2014). Members of the Commission include leaders from the executive, legislative, and judicial branches of our state government, as well as The Florida Bar, The Florida Bar Foundation, various civil legal aid organizations, and the business community. The Commission is tasked to, among other things, “[ijdentify and examine barriers that impede access to civil justice”; determine how best to “promote coordination of legal services ■delivery to low income Floridians”; examine ways that technology may impact access to justice for disadvantaged, low and moderate income individuals; and examine how available resources might be effectively maximized and used to provide stable funding for legal aid services. Id. at 4-5. The Commission’s work will provide studied and comprehensive recommendations to improve access to justice in this state. While Petitioners’ proposal here warrants consideration, along with other possible solutions to the funding crisis, adopting any one approach to the problem at this stage would be premature. Accordingly, we do not adopt Petitioners’ proposed amendment at this time.
In the interim, however, we strongly encourage lawyers in Florida to meet their ethical obligation to provide legal services to the poor and disadvantaged. Rule Regulating the Florida Bar 4-6.1 (Pro Bono Public Service) provides that every member of the Bar, with the exception of certain specific groups of lawyers, should render pro bono legal services and participate in pro bono activities. Alternatively, Bar members are encouraged to make a donation of $350 to a legal aid organization. In adopting rule 4-6.1, we stated that the rule was intended to “assist each lawyer in Florida in fulfilling the commitment a lawyer makes upon taking the oath to become an officer of the court: T will never reject from any consideration personal to myself the cause of the defenseless or oppressed.’” Amends, to Buies Reg., Fla. Bar-1-3.1(a) & Rules of Jud. Admin.-2.065 (Legal Aid), 630 So.2d 501, 502 (Fla. *254 1993). Here, we emphasize again that “[j]ustice is not truly justice if only the rich can afford counsel and gain access to the courts,” and that members of the Bar should strive to donate them legal services to those who cannot afford them. Id. As Petitioners have made clear, legal aid organizations rely on members’ donations of time and money to effectively meet the legal needs of the low income and disadvantaged, and such services are essential to helping ensure meaningful access to courts.
CONCLUSION
Although we decline to adopt their proposal at this time, we wish to thank Petitioners for bringing this important issue before the Court for consideration, and we commend their altruism in recommending an increase in Bar dues to support legal aid organizations. The petition in this case brought to the forefront a significant and critical issue affecting access to justice in our state. We believe a continuing discussion as to the best methods to fund legal aid programs, together with the work of the Florida Commission on Access to Civil Justice, will serve to strengthen equal access to our judicial system.
It is so ordered.
LABARGA, C.J., and PARIENTE, CANADY, and POLSTON, JJ., concur.
PARIENTE, J., concurs with an opinion, in which LABARGA, C.J., concurs.
LEWIS, J., dissents with an opinion.
QUINCE, J., dissents with an opinion, in which PERRY, J., concurs.

. Bar Rule 1-12.1(f) provides: "Petitions to amend these Rules Regulating The Florida Bar may be filed by the board of governors or by 50 members in good standing.”

. We have jurisdiction. See art. V, § 15, Fla. Const.